LeMars Building & Loan Association, Appellee, v. George W. McLain and Clarence McLain, Appellants.

Building and Loan: LOAN TO WIFE: LIABILITY OF HUSBAND: USURY. A husband who joins in the execution of a note and mortgage on the wife's property to secure the payment of a loan made to her by a building and loan association of which she was a member, becomes a surety for the payment of the debt according to her contract, and cannot avail himself of the defense of usury.

*Appeal from Plymouth District Court.*—Hon. George W. Wakefield, Judge.

Wednesday, May 20, 1903.

The opinion states the case.—*Affirmed.*

*Martin & Martin* for appellants.

*Struble & Struble* for appellee.

WEAVER J,.—Plaintiff instituted this action in equity to recover an alleged balance due upon a promissory note made by the defendant George W. McLain and his former wife, Ada R. McLain, and to forclose a mortgage given to secure the same. Ada R. McLain having died before the commencement of the suit, Clarence McLain, her heir at law, is made a party defendant. The defendants severally admit the making of the note and mortgage as alleged in the petition, and aver that the debt thereby represented has been fully paid. George W. McLain, for himself, further answers that he is not, and never has been, a member of the plaintiff association, and that the contract, as to him, is usurious. The court found plaintiff entitled to a personal judgment against George W. McLain for $501.17, and to a foreclosure of the mortgage, and from this decree the defendants appeal.

The record discloses that Ada R. McLain was the holder of the legal title to the mortgaged property. She became a member of the plaintiff corporation—a building and loan association of this state. She obtained the loan from the association without any competitive bidding, and, according to the usual requirements of such concerns, undertook to pay dues, premiums, interest, and fees; making an aggregate rate of interest much in excess of eight per cent. per annum. George W. McLain signed the note and mortgage given by his wife to secure such loan, but at no time became a member or stockholder in the association. The plaintiff concedes that the loan was usurious under the laws of this state as they existed at the date of the transaction, but claims the benefit of the statutes since enacted by which such contracts were legalized. Code 1897, section 1898; Laws 27th General Assembly, page 32, chapter 48; *I. S. & L. Association v. Heidt*, 107 Iowa, 297. We do not understand appellants to contest this proposition as applied to the contract of Ada R. McLain;

but the point is made that the statute, by its terms, permits building and loan associations to collect such excessive rates from their members only, and, as George W. McLain was admittedly not a member, he may insist upon the defense of usury.   If plaintiff were seeking to enforce a loan made to George W. McLain, a nonmember of its organization, the appellants' position would unquestionably be sound.   But no loan was made to him.   So far as the contract of loan is concerned, he was in no sense a party to it.   Ada R. McLain was the borrower, and the contract with her is made, by statute, valid and enforceable.   George W. McLain stands simply as surety that Ada R. McLain will perform the valid contract into which she has entered.   From the fact that the association could not have made a valid loan of this kind to the husband, it does not follow that the husband may not bind himself as surety for the wife, to whom such loan may lawfully be made.   To entitle the member to a loan, the association may properly require him to furnish security; and, if such borrower has not the real estate or other property adequate to that purpose, we can conceive no good reason why the property or signature of a third person may not be accepted by the association.   Usury is something which, if it exist at all, inheres in the contract between the lender and borrower; and, if there be no usury as between them, it follows, in the very nature of things, there can be none as between the lender and surety.   We have found no decided case directly in point upon the facts presented, but the principle seems self-evident.   It has been held, however, that it is within the scope of the powers of a building and loan association to accept mortgages upon the property of a third person to secure loans to members. *Peoples' B. Ass'n v. Billing*, 104 Mich. 186 (62 N. W. Rep. 373); *Juniata B. & L. A. v. Mixell*, 84 Pa. 313.   See, also, 2 Beach's Contract Law, section 1214.   If, then, a

·man may make a binding pledge of his property to secure the performance of a contract between the association and its members, it would seem equally clear that he may also pledge his personal credit by signing the member's promissory note.

The judgment of the district court is AFFIRMED.